MARCELLUS REDDICK, DECEASED, MRS. WINNIE HARRIS, CLAIMANT, v.
GREENVILLE CAFE.

(Filed 7 October, 1931.)

**Master and Servant F b—Where death of employee results from his
wilful intention to injure fellow employee compensation is properly
denied.**

Under the provisions of section 13 of the Workmen's Compensation Act
the finding of fact by the Industrial Commission supported by evidence
that the employee's death resulted from his wilful intention to injure or
kill his fellow employee is sufficient to uphold the ruling of the Commis-
sion denying the application for compensation.

APPEAL by the claimant from *Devin, J.,* at May Term, 1931, of PITT.

*J. C. Lanier for appellant.*
*Albion Dunn for appellee.*

PER CURIAM. This is a proceeding before the Industrial Commis-
sion for compensation. The cause was heard by T. A. Wilson, commis-
sioner, who found the following facts:

1. That the deceased was a regular employee of the defendant em-
ployer on 12 August, 1930.

2. That the accidental injury and death of the deceased on 12 Au-
gust, 1930, was due to his wilful intention to injure or kill his fellow
employee.

3. That the average weekly wage was $14.50.

4. That Winnie Harris, mother of Marcellus Reddick, was wholly
dependent upon the deceased at the time of his accidental injury and
death.

Upon the facts found the commissioner dismissed the proceeding and
upon appeal the full Commission adopted and affirmed his findings of
fact and conclusions of law. The claimant then appealed to the Superior
Court and the order of the Industrial Commission was ratified, approved,
and affirmed, and the action was dismissed.

The claimant excepted and appealed to the Supreme Court.

Section 13 of the Workmen's Compensation Law contains this pro-
vision: "No compensation shall be payable if the injury or death was
occasioned by the intoxication of the employee or by the wilful inten-
tion of the employee to injure or kill himself or another."

Under this provision the facts as found and set out in the record
are sufficient to sustain the judgment.

Affirmed.